A CERTIFIED TRUE COPY

AUG 12 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 12 2005

FILED
CLERK'S OFFICE

DOCKET NO. 1596

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

*Nancy Sires v. Eli Lilly & Co., et al.*, E.D. Kentucky, C.A. No. 5:05-117
*Connie Brown, et al. v. Eli Lilly & Co., et al.*, N.D. Texas, C.A. No. 4:05-215

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

### TRANSFER ORDER

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in an Eastern District of Kentucky action and a Northern District of Texas action to vacate the Panel's orders conditionally transferring the actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Defendant Eli Lilly and Company opposes the motions to vacate and urges inclusion of the actions in the MDL-1596 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of these actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). The motion for remand to state court pending in the Northern District of Texas action can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack

---

\*   Judge Motz took no part in the decision of this matter.

- 2 -

B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman