IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

SANQUIRNETTA MCCRAY-MARTIN, *
                                   *

      **Plaintiff,**           *

                                   *

**v.**                            * **CASE NO.: 2:05-cv-01048-CSC**

                                   *

**ELI LILLY & COMPANY, et al.**   *

                                   *

**Defendants.**                 *

## <u>PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND</u>

Plaintiff requests this Court to enter an order remanding this case to the Circuit Court of Bullock County, Alabama on the following grounds: 1) This Court lacks subject matter jurisdiction because there is not complete diversity of citizenship and the Eli Lilly & Company Defendants are unable to show fraudulent joinder; and 2) This action presents no federal question.

Complete diversity of citizenship is absent here because the Defendant Sales Representative Yolanda McCain is a resident of Alabama (Compl. ¶ 5) – the same state of residency as Plaintiff. Plaintiff has asserted valid claims against the Resident Defendant. (Compl. ¶¶ 11-19). Accordingly, there is no fraudulent joinder.

Because complete diversity of citizenship between Plaintiff and Defendants is missing in this action, this Court lacks subject matter jurisdiction and the case must be remanded to the Circuit Court of Bullock County, Alabama.

## I. Statement of Facts and Procedural History

This product liability action arises from injuries Plaintiff suffered as a result of ingesting the prescription drug Zyprexa (Olanzapine). (Compl. ¶ 6). Zyprexa is a prescription drug used to treat schizophrenia and bipolar mania. (Compl. ¶ 10).

Plaintiff Sanquirnetta McCray-Martin (hereafter referred to as "Plaintiff") used the drug Zyprexa. As a direct and proximate result of using Zyprexa, Plaintiff was caused to suffer physical injury including the onset of metabolic syndrome. (Compl. ¶ 7).

Defendant Eli Lilly & Company (hereinafter referred to as "Corporate Defendant" or "Lilly") designed, developed, manufactured, packaged, labeled, promoted, marketed, advertised, sold, supplied, and/or otherwise distributed Zyprexa. (Compl. ¶ 6). Defendant Yolanda McCain (hereinafter referred to as "Resident Defendant" or "Defendant McCain") marketed, sold, supplied, and/or otherwise distributed Zyprexa despite having information that Zyprexa was defective in nature and could lead to serious adverse events. Defendant McCain did this to increase sales of Zyprexa. (Compl. ¶¶ 3, 11). Furthermore, the Resident Defendant presented fraudulent information regarding the safety and efficacy of Zyprexa and its harmful side effects, and/or suppressed material information regarding the safety and efficacy of Zyprexa and its harmful side effects, and/or placed Zyprexa in the stream of commerce by providing Plaintiff's physician samples of Zyprexa for distribution. (Compl. ¶¶ 13-19). At all times relevant to Plaintiff's Complaint, all Defendants actually knew of the defective and unreasonably dangerous nature of Zyprexa, yet Defendants continued to develop, manufacture, package, label, promote, market, advertise, sell, and/or distribute Zyprexa so as to

2

maximize sales and profits at the expense of public health and safety, in conscious disregard of the foreseeable harm caused by this drug. (Compl. ¶¶ 13-19).

On October 3, 2005, Plaintiff filed suit in the Circuit Court of Bullock County, Alabama. Plaintiff asserts various causes of action against the Defendants including AEMLD, negligence and wantonness, breach of express warranty, breach of implied warranty, fraudulent suppression, failure to warn, and fraud.

On November 1, 2005, pursuant to 28 U.S.C. §§ 1441, 1446, Defendant Lilly filed a Notice of Removal with this Court. No other Defendant joined in the removal of this action. Plaintiff now moves to remand this action to the Circuit Court of Bullock County, Alabama in accordance with 28 U.S.C. § 1447(c).

## II. Summary of Argument

The sole question before this Court is whether this action should be remanded as having been improvidently removed. Complete diversity of citizenship is lacking. Although Defendant Lilly claims that the Resident Defendant was fraudulently joined, the facts alleged refute this. Plaintiff's Complaint alleges claims against all Defendants that, if proved at trial, will, without any doubt, sustain a jury verdict. These allegations must be considered according to the well-established and logical standards set out herein. Because Plaintiff alleges valid causes of action against the Resident Defendant, remand of this action is required.

## III. Standard of Review

It is well settled that federal courts are courts of limited jurisdiction and are "empowered to hear only cases within the judicial power of the United States as defined by Article III of the Constitution," or authorized by Congress. *University of South*

*Alabama v. American Tobacco Co*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). 28 U.S.C. § 1447(c) provides, in relevant part, that after a case has been removed to federal district court but "at any time before final judgment," the plaintiff may move for remand and "the case *shall* be remanded [if] it appears that the district court lacks subject matter jurisdiction." (Emphasis added).

Because removal jurisdiction raises significant federalism concerns, removal statutes must be strictly construed in favor of state court jurisdiction and against removal. *E.g., Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868 (1941); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Clay v. McCain & Williamson Tobacco Corp.*, 77 F.Supp.2d 1220, 1221 (M.D.Ala. 1999) (De Ment, J.). On a motion to remand, the defendant, as the removing party, bears the burden of establishing federal subject matter jurisdiction. *E.g., Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because federal courts are courts of limited jurisdiction, all doubts about federal subject matter jurisdiction on removal should be resolved in favor of remand to state court, *e.g., University of South Alabama*, 168 F.3d at 411; *Pacheco de Perez*, 139 F.3d at 1373; *Diaz*, 85 F.3d at 1505; *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D.Ala. 1997); all questions of fact and controlling law should be resolved in favor of remand. *E.g., University of South Alabama*, 168 F.3d at 411; *see also, e.g., Shamrock Oil*, 313 U.S. at 108-09.

"An action is not properly removable if it consists of a non-separable controversy involving both resident and nonresident defendants." *Coker v. Amoco Oil Co., Inc.*, 709 F.2d 1433, 1439 (11th Cir. 1983). Thus, where, as here, the removing defendant asserts

4

federal subject matter jurisdiction based on an amount in controversy over $75,000 and the diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332, the defendant must show there is complete diversity; that every plaintiff is diverse from every defendant. *Triggs v. John Crum Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).

### IV. Argument

**A. This Court Lacks Subject Matter Jurisdiction Because Complete Diversity is Missing, and the Defendants Have Not Shown, and Cannot Show, Fraudulent Joinder. Therefore Remand is Proper.**

Lilly apparently does not dispute that complete diversity is missing on the face of Plaintiff's Complaint and that this action is not removable on the face of the Complaint. However, Lilly contends the Resident Defendant was fraudulently joined and, therefore, her citizenship should be disregarded. (Notice of Removal, ¶ 19). As explained more fully below, Lilly has utterly failed to carry its burden on this issue and, thus, this case must be remanded to the Circuit Court of Bullock County, Alabama.

### 1.    Standard for Fraudulent Joinder

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287. The party seeking removal based upon federal subject matter jurisdiction bears a heavy burden. This burden is especially high when the defendant alleges fraudulent joinder as the basis for subject matter jurisdiction. *Frontier Air Lines, Inc. v. United Air Lines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989)(quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). The Eleventh Circuit has recognized three situations where joinder could be deemed fraudulent:

1. Where there is no possibility that the plaintiff can prove a cause of action against any resident defendant;

2. Where there is outright fraud in the plaintiff's pleading of jurisdictional facts; and

3. Where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*Triggs*, 154 F.3d at 1287 (citations omitted). Arguments regarding fraudulent joinder fail if there is any possibility that a state court would find that the Complaint states a cause of action against the resident defendant. As the Eleventh Circuit stated in *Triggs*:

> If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court. *Coker v. Amoco Oil Co.*, 709 F.2d at 1440-1441 (emphasis added). The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

*Id.* at 1287 (emphasis in the original).

Further, the Northern District has defined fraudulent joinder as "more than having a losing case against those defendants allegedly 'fraudulently joined' [– t]he removing defendants on a 'fraudulent joinder' theory have more than just a Rule 56 burden." *Harrell v. Reynolds Metals Co.*, 599 F.Supp. 966, at 967 (N.D. Ala. 1985).

As the removing party, Lilly bears the burden of showing that the Resident Defendant was fraudulently joined. *E.g., Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *see also, e.g., Pacheco de Perez*, 139 F.3d at 1380. That burden is a heavy one. *E.g., Pacheco de Perez*, 139 F.3d at 1380; *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549.

6

Lilly does not claim that Plaintiff fraudulently pled jurisdictional facts. Accordingly, this Court's inquiry is limited to determining whether Plaintiff has a *possibility* of stating a valid cause of action against the Resident Defendant under state law. *E.g., Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998); *Crowe,* 113 F.3d at 1538. In making this determination, this Court must evaluate all factual allegations in the light most favorable to Plaintiff, resolving all contested issues of substantive fact in her favor; and must resolve any uncertainties as to the current state of the controlling substantive law in Plaintiff's favor as well. *E.g., B., Inc.,* 663 F.2d at 549; *Accord, e.g., Pacheco de Perez,* 139 F.3d at 1380; *Crowe,* 113 F.3d at 1538; *Coker,* 709 F.2d at 1440.

Where, as here, the Notice of Removal is filed before Plaintiff has a full opportunity to develop her claims against the Resident Defendant through discovery, Alabama federal courts have assessed those claims in accordance with the standard of Fed. R. Civ. P. 11. *E.g., Clay,* 77 F.Supp.2d at 1224 (De Ment, J.); *Sellers v. Foremost Ins. Co.,* 924 F.Supp. 1116, 1118-19 (M.D.Ala. 1996) (Thompson, J.). "[T]o block a fraudulent-joinder charge based on lack of evidence, a plaintiff who has not been able to engage in full discovery must be able to provide some showing that [their] claim against the resident defendant has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *Sellers,* 924 F.Supp. at 1119. "[T]o block a fraudulent-joinder charge *based on lack of legal support,* a plaintiff need only show that her claim against a resident defendant is warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *Id.* at 1119 n. * (emphasis in original).

Although "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b), the jurisdictional inquiry must not subsume substantive determination." *Crowe*, 113 F.3d at 1538 (quotations and citations omitted). "'[T]he trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.'" *Id.* (quoting *B., Inc.*, 663 F.2d a 548-49). "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538.

> The main point for us is this one: For a Plaintiff (sic) to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law *might* impose liability on the facts involved."

*Id.* at 1541, 42 (quoting, *inter alia, B., Inc.*, 663 F.2d at 550) (emphasis in the original).

Stated differently, "[i]n the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." *Crowe*, 113 F.3d at 1542. "Where there have been allegations of fraudulent joinder ... the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham ... and is not fraudulent in fact or in law." *B., Inc.*, 663 F.2d at 550 (quoting *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)).

As suggested above, the Court's only question in this proceeding is whether there is any possibility that Plaintiff has stated a claim against the Resident Defendant under Alabama law. Obviously, that question must be answered in the affirmative. Viewing evidence and factual disputes in Plaintiff's favor and resolving doubts in favor of remand, Plaintiff has stated several valid claims against the Resident Defendant. Consequently, the Court should remand this entire action to the Alabama state court in which the action commenced and where jurisdiction is clearly appropriate.

### 2.    Plaintiff Has Stated Valid Claims Against the Resident Defendant.

In the case at bar, Plaintiff alleges valid claims against the Resident Defendants. In fact, this Court has previously remanded numerous cases asserting similar claims against sales representatives and territory managers. *See Travis Walker, et al., v. Warner-Lambert Company, et al.,* Civil Action No. 02-T-230-N (attached hereto as Exhibit A); *Bessie B. Caldwell v. Warner-Lambert Company, et al.,* Civil Action No. 01-T-486-N (attached hereto as Exhibit B); *Wayne Roughton v. Warner-Lambert Company, et al.,* Civil Action No. 00-T-1239-N (attached hereto as Exhibit C); *Letisha Bennett, et al., v. Warner-Lambert Company, et al.,* Civil Action No. 02-T-343-N (attached hereto as Exhibit D); *Stella Johnson, et al. v. Warner-Lambert Company, et al.,* Civil Action No. 02-T-830-N (attached hereto as Exhibit E); *Debbie Osbourne, et al. v. Warner-Lambert Company, et al.,* Civil Action No. 02-T-828-N (attached hereto as Exhibit F); *Sara Rush, et al. v. Warner-Lambert Company, et al.,* Civil Action No. 02-T-829-N (attached hereto as Exhibit G); *Helen Boswell v. Wyeth, et al.* Civil Action No. 03-T-1256-N (attached hereto as Exhibit H); *Valerie Ballard, et al. v. Wyeth, et al.,* Civil Action No. 03-T-1255-

N (attached hereto as Exhibit I); *Rita Brunson v. Wyeth, et al.,* Civil Action No. 03-T-1167-S(attached hereto as Exhibit J); *Sara Blair, et al. v. Wyeth, et al.,* Civil Action No. 03-T-251-S (attached hereto as Exhibit K); *Sharon C. Crittenden, et al. v. Wyeth, et al.,* Civil Action No. 03-T-920-N (attached hereto as Exhibit L); *Earl Lee Faulk, et al., v. Smithkline Beecham Corp., et al.,* Civil Action No. 2:05-cv-85-F (attached hereto as Exhibit M); and *Rosie Ware v. Pfizer, Inc., et al.,* Civil Action No. 2:05-cv-659-T (attached hereto as Exhibit N).

This Court, in determining whether Plaintiff's claims are valid, must evaluate all factual allegations in the light most favorable to Plaintiff, resolving all contested issues of substantive fact in their favor, and resolving uncertainties as to the current state of controlling substantive law in Plaintiff's favor as well. *E.g., B., Inc.,* 663 F.2d at 549; *Accord, e.g., Pacheco de Perez,* 139 F.3d at 1380; *Crowe,* 113 F.3d at 1538; *Coker,* 709 F.2d at 1440.

### i.    Plaintiff Has Stated A Valid Product Liability (AEMLD) Claim Against The Resident Defendant.

In the case at bar, Plaintiff has alleged a valid AEMLD claim against the Resident Defendant. To establish liability under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), a plaintiff must demonstrate that:

(1)    He suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if

    (a)    the seller is engaged in the business of selling such a product, and

    (b)    it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2)    Showing these elements, the plaintiff has proved a prima facie case although

    (a)    the seller has exercised all possible care in the preparation and sale of his product, and

    (b)    the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.

*E.g., Casrell v. Altec Industries, Inc.*, 335 So.2d 128, 132-33 (Ala. 1976); *Atkins v. American Motors Corp.*, 335 So.2d 134, 141 (Ala. 1976); *accord, e.g., Clay*, 77 F.Supp.2d at 1223; *Judson v. Nissan Motor Co.*, 52 F.Supp.2d 1352, 1360 (M.D.Ala. 1999) (De Ment, J.). A manufacturer, supplier, or seller is subject to liability under the AEMLD once the defective product is put "into the stream of commerce." *See First Nat'l Bank of Mobile v. Cessna Aircraft Co.*, 365 So.2d 966, 968 (Ala. 1978).

In the case at bar, Plaintiff has alleged that the Resident Defendant marketed, advertised, sold, and/or otherwise distributed Zyprexa. The drug was defective and unreasonably dangerous as designed,[1] was unreasonably dangerous due to inadequate testing, and was defective in marketing due to inadequate warnings or instructions. (Compl. ¶ 20). The Resident Defendant inadequately warned or inadequately instructed Plaintiff or her physicians of the dangers of Zyprexa, or, alternatively, failed to provide timely and adequate post-marketing warnings or instructions after becoming aware of the risk of injury from taking Zyprexa. As a direct and proximate consequence, Plaintiff was prescribed and used Zyprexa and suffered physical injuries as a result. These allegations suffice to state a cause of action against the Resident Defendant.

---

[1] The question of whether or not a product is unreasonably dangerous is a question of fact for the jury to decide. *Koehring Cranes & Excavators, Inc. v. Livingston*, 597 So.2d 1354, 1355 (1992); *Casrell*, 335 So.2d at 133.

Although Lilly contends that the Resident Defendant cannot be a "seller" within the meaning of the AEMLD and cannot be held individually liable under the AEMLD, such arguments fail to satisfy the burden of showing no possibility of an AEMLD claim against the Resident Defendant for various reasons. The Alabama Supreme Court has never addressed whether an individual employee of a defendant designer and manufacturer of a prescription drug, who has responsibility for marketing, selling and distributing the drug on behalf of his employer, can be held liable on a claim arising under the AEMLD, and accordingly has *never rejected* individual liability in those circumstances. In fact, the Supreme Court of Alabama was petitioned to answer a similar question in *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302 (11th Cir. 2001) but has not yet ruled on that issue.

Further, in this case, the Resident Defendant may properly be held liable under well-settled Alabama law for her individual participation in the tortuous acts and omissions that harmed Plaintiff. *E.g., Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775 (Ala. 1986)(". . . officers and employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity"(*citing Candy H. v. Redemption Ranch, Inc.*, 563 F.Supp. 505, 513 (M.D.Ala. 1983); *accord, e.g., Clay*, 77 F.Supp.2d at 1224; *see also, e.g., Chandler v. Hunter*, 340 So.2d 818, 822 (Ala.Civ.App. 1976))). The Resident Defendant called upon the Plaintiff's physician on numerous occasions, at which times she presented fraudulent information regarding Zyprexa, fraudulently suppressed material information regarding the safety and efficacy of Zyprexa, misrepresented the safety and efficacy of Zyprexa, and placed Zyprexa in the stream of commerce by supplying

12

samples to Plaintiff's physician. Accordingly, well-established Alabama law supports holding the Resident Defendant individually liable in the case at bar.

Furthermore, various federal courts – including Alabama federal judges – have rejected the argument that employees of manufacturers who distribute unreasonably dangerous products cannot be held liable under the AEMLD or similar product liability doctrines. *E.g., Clay*, 77 F.Supp.2d at 1224 (De Ment, J.); *Seaborn v. R.J. Reynolds Tobacco Co.*, 1996 WL 943621 (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Jenkins v. R.J. Reynolds Tobacco Co.*, no. 96-T-1489-N (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Acton v. R.J. Reynolds Tobacco Co.*, no. 96-C-2737-W (N.D.Ala. Oct. 23, 1996) (Clemon, J.). In each of these cases, the defendant tobacco companies claimed the plaintiff's joinder of the local distributors and manufacturer's sales representative was fraudulent. Relying on the general principle noted above that officers or employees of a corporation are liable for torts in which they have personally participated, *e.g., Ex parte Charles Bell Pontiac*, 496 So.2d at 775, each court noted that, to the extent the manufacturer Defendant allegedly violated the AEMLD, "it acted through its employees; the company does not employ ghosts." *E.g., Clay*, 77 F.Supp.2d at 1224; *Seaborn*, 1996 WL 943621, *3.

Accordingly, each court allowed plaintiffs to pursue the distributors and employee sales representatives individually -- *even in the absence of any personal contact with the plaintiffs* -- and to substitute new individual defendants in the event the plaintiffs had named the wrong individuals at the outset. *Id.* Finding it "conceivable" that plaintiff's AEMLD claims against the in-state employee "may be viable," *Clay*, 77 F.Supp. 2d at 1224, or that such claims satisfied the Rule 11 standard, *e.g., Seaborn*, 1996 WL 943621,

13

*4, each court rejected defendants' claim of fraudulent joinder and remanded the plaintiff's claims to state court. Similarly, in *Acton*, Judge Clemon entered an order of remand under circumstances nearly identical to those in *Seaborn*, finding the plaintiff's complaint against non-resident cigarette manufacturers and resident retailers of the manufacturers' cigarettes improvidently removed.

**ii.    Plaintiff has Asserted a Valid Fraud Claim Against the Resident Defendants**

Likewise, Plaintiff has asserted viable fraud claims against the Resident Defendant. According to Defendant Lilly, the Resident Defendant owed no duty to Plaintiff – she made no representations to Plaintiff or the general public regarding Zyprexa and generally had no dealings with Plaintiff. Those arguments are easily refuted. As addressed more fully below, the Resident Defendant had a duty to warn ultimate consumers of the potential dangers associated with the use of Zyprexa. Arguably, the Resident Defendant could have discharged her duty by providing an *adequate* warning to intermediary physicians. However, the duty was clearly for the benefit of Zyprexa users, including Plaintiff. Notwithstanding the foregoing, in the case at bar, the Resident Defendant failed to provide adequate warnings to Plaintiff's physician. Thus, her duty to Plaintiff was never discharged.

Even if the Resident Defendant had no duty to warn or otherwise exercise due care toward Plaintiff (or other prospective Zyprexa consumers) in the abstract, by making representations concerning the drug as part of marketing it to physicians, the Resident Defendant at least voluntarily assumed such a duty. *See, e.g., J.B. Bowden v. E. Ray Watson Co., Inc.*, 587 So.2d 944, 946 (Ala. 1991); *King v. National Spa and Pool Institute, Inc.*, 570 So.2d 612, 614 (Ala. 1990). Moreover, where harm to third parties,

14

i.e., prospective Zyprexa consumers, from the resident defendant's representations is reasonably foreseeable – as is the case here, where Plaintiff contends the warnings by the Resident Defendant of potential dangers from Zyprexa use were fraudulent and clearly inadequate causing Plaintiff to suffer physical harm – lack of privity or other similar direct relationship between the resident defendants and plaintiff bars neither negligence nor breach of warranty claims for physical injury proximately resulting from those representations. *E.g., King*, 570 So.2d at 616 (negligence); *Bishop v. Faroy Sales*, 336 So.2d 1340, 1345 (Ala. 1976) (breach of warranty).

Despite Defendant Lilly's contention that Plaintiff failed to plead any allegation of fraud with the specificity required by Rule 9, *Ala. R. Civ. P.*, Plaintiff clearly alleged in the Complaint facts sufficient to satisfy the requirements of Rule 9, and therefore the scrutiny of this court. Although Rule 9(b) requires that "the circumstances constituting the fraud be pleaded, it does not require that each element of fraud be delineated." *Spry Funeral Homes, Inc. v. Deaton*, 363 So.2d 786 (Ala. 1978). The committee comments state, "(the) special requirement(s) as to fraud... (do) not require every element... To (sic) be stated with particularity..." (Emphasis supplied.) *Id.* When, as here, the defendant is reasonably apprised that the claim against it is one for fraud, and the claim is more than a generalized or conclusory statement of the fraud complained of, the pleading satisfies the rule's requirements. *Id; See also Rule 9(b) Ala. R. Civ. P. (committee comments).*

Defendant's arguments undoubtedly ignore the averments contained in Plaintiff's Complaint. The crux of Plaintiff's argument, as stated in her Complaint, is that the Resident Defendant, along with Defendant Lilly, knew that Zyprexa was not safe, yet

they concealed and/or withheld this information from Plaintiff and her physicians during all stages of marketing, production, promotion, sale and/or distribution of Zyprexa.

### iii. Plaintiff Has Adequately Stated Negligence and Warranty Claims against the Resident Sales Representative Defendants.

Although Defendant Lilly claims that Plaintiff's negligence and warranty claims are subsumed by the AEMLD, there is Alabama law to the contrary, and Alabama law is, at best, equivocal on that point. Thus, there is Alabama authority to suggest that negligence and breach of warranty claims are not preempted by the AEMLD, but (at least at the pleading stage) are viable alternative theories of liability to a cause of action under the AEMLD.

For example, in *Ford Motor Co. v. Burdeshaw*, 661 So.2d 236 (Ala. 1995), the Alabama Supreme Court at least implicitly acknowledged the viability of negligence and breach of warranty theories as alternative bases of liability to an AEMLD claim. In *Burdeshaw*, the plaintiff dropped his AEMLD claim and submitted his case to the jury under a negligence theory only, *i.e.*, that defendant negligently manufactured a defective automatic transmission shifter, and negligently designed and manufactured a defective brake system. *Id.* at 237. The Supreme Court sustained the jury verdict in plaintiff's favor under the negligence claim. *Id.* at 239. If plaintiff's negligence claim had been preempted by the AEMLD, he could not have submitted it to the jury upon dismissal of his AEMLD claim, and the jury's verdict would have been unsupportable regardless of the evidence. Accordingly, it appears that negligence remains a viable alternative theory of liability notwithstanding adoption of the AEMLD.

16

Similarly, in numerous cases in which plaintiffs have asserted theories of negligence and/or breach of warranty in conjunction with or as alternatives to an AEMLD claim, the Supreme Court and the Court of Civil Appeals have addressed the propriety of each theory, or the evidence supporting the jury's verdict (or the submission of the case to the jury on each theory), separately and independently, without questioning whether such theories can be asserted under appropriate circumstances with respect to a defective product that causes injury. *See, e.g., Flagstar Enterprises, Inc. v. Davis*, 709 So.2d 1132, 139 (Ala. 1997) (evidence sufficient to support negligence claim to jury); *Cessna Aircraft Co. v. Trzcinski*, 682 So.2d 17, 19 (Ala. 1996) (design and manufacturing defects; defendant admitted liability under AEMLD; verdict finding wanton misconduct and awarding punitive damages reversed, but for insufficiency of evidence); *Yarbrough v. Sears Roebuck & Co.*, 628 So.2d 478, 481-83 (Ala. 1993) (circumstances under which negligent failure to warn case may be submitted to jury); *Clarke Industries, Inc. v. Home Indemnity Co.*, 591 So.2d 458, 461-62 (Ala. 1991) (directed verdict or JNOV precluded on negligent failure to warn claim); *Deere & Co. v. Grose*, 586 So.2d 196, 198 (Ala. 1991) (directed verdict improperly denied where negligent failure to warn claim not supported by evidence); *Yamaha Motor Co., Ltd. v. Thornton*, 579 So.2d 619 (Ala. 1991) (evidence sufficient to support jury verdict in favor of plaintiff on claims of design and manufacturing defect under AEMLD, negligence and wantonness); *Gurley v. American Honda Motor Co., Inc.*, 505 So.2d 358, 361 (Ala. 1987) (discussing prima facie case of claim of negligent failure to warn of dangers from defective product); *Rutledge v. Arrow Aluminum Industries, Inc.*, 733 So.2d 412, 417 (Ala. Civ. App.1998) (claims of design and manufacturing defects under AEMLD, negligent failure to warn).

17

Even though these cases did not directly address the issue whether the AEMLD subsumes all other claims relating to a defective or unreasonably dangerous product, AEMLD preemption of such claims would eliminate the need to address such theories separately, and would bar such theories *even if an AEMLD claim were not raised.* The court's separate consideration of negligence, wantonness, and warranty claims relating to unreasonably dangerous products, and the affirmance of jury verdicts for plaintiffs on such claims both where AEMLD claims are not raised and also where AEMLD claims are raised, tacitly refutes Defendant's claim of complete AEMLD preemption of Plaintiff's negligence and breach of warranty claims here. In short, Plaintiff's negligence, wantonness, and warranty claims against the Resident Defendants are viable under Alabama law.

### 3. The Learned Intermediary Doctrine Does Not Insulate the Resident Defendants From Liability For Their Fraudulent Representations.

Under the learned intermediary doctrine, the duty of the drug manufacturer to warn of potential dangers from use of a prescription drug generally extends only to the physician; not to the lay consumer of the drug. *See Stone v. Smith, Kline & French Lab.,* 447 So.2d 1301, 1305 (Ala. 1984). Where that doctrine is applicable, the drug manufacturer escapes liability for failing to warn the patient if the manufacturer has provided *adequate* and *reasonable* warnings to the physician. If there is no physician in the role of learned intermediary, then the drug manufacturer has a duty to adequately warn the consumer. *Wyeth Laboratories, Inc. v. Fortenberry,* 530 So.2d 688, 691 (Miss. 1988), (citing *Swayze v. McNeil Laboratories, Inc.,* 807 F.2d 464 (5th Cir. 1987)); *see also, e.g., Reyes v. Wyeth Laboratories,* 498 F.2d 1264, 1277 (5th Cir. 1974).

However, the physician can only perform the function of the "learned intermediary" between the manufacturer and the consumer where the manufacturer has provided an *adequate* warning. *Pitman v. Upjohn Company*, 890 S.W.2d 425, 429 (Tenn. 1994); *Amore v. G.D. Searle & Co.*, 748 F. Supp. 845, 850 (S.D. Fla. 1990). Furthermore, the adequacy of the warning is measured by its effect on the physician and not by its effect on the patient. *E.g., Toole v. McClintock*, 999 F.2d 1430, 1433 (11th Cir. 1993); *see Stone*, 447 So.2d at 1304-05. The adequacy of the warning is a question of fact for the jury. *E.g., Toole*, 999 F.2d at 1433; *see also, e.g., Timm v. Upjohn Co.*, 624 F.2d 536, 539 (5th Cir. 1980).

Plaintiff herein has alleged that the Resident Defendant advertised, promoted, sold and/or marketed Zyprexa to Plaintiff's physicians utilizing known, fraudulent information and by failing to disclose material information regarding the dangers of Zyprexa and the adverse events associated with Zyprexa. Assuming arguendo that the learned intermediary doctrine would apply to an individual defendant - which the Alabama Supreme Court has never addressed -- Defendant Lilly cannot show that the learned intermediary doctrine eliminates any possibility that Plaintiff can state a claim against them. In other words, the learned intermediary doctrine cannot establish that the Resident Defendant was fraudulently joined.

**B.    Ms. McClain's Declaration conflicts with Defendant Lilly's job description[2] for Sales Representatives.**

Defendant Lilly purports that the Declaration filed by the Resident Defendant establishes, for purposes of removal, that there can be no viable cause of action against the Resident Defendant. This is simply not true. This Declaration uses tricks of

---

[2] *https://jobs.lilly.com/index.cfm?id=external&area=portal&function=Sales%20-%20Lilly*

semantics in an attempt to excuse these Defendants of their legal responsibility to the

Plaintiff. Included in the Declaration signed by the Lilly sales representative and are

statements such as:

> "I am employed as a sales representative for Eli Lilly and Company."[3]
> "My knowledge of Zyprexa was derived exclusively from training
> materials and education provided to me by Lilly."[4]
> "I had no involvement in the manufacture or development of Zyprexa, or
> the preparation of package inserts, and had no control over content or
> other written warnings."[5]
> "My responsibilities as a sale (sic) representative are to provide approved
> information to physicians about certain prescription medicines sold by
> Lilly."[6]

At first, these affidavits seem to establish a distinction between the actual duties

of a Lilly sales representative and the duties of the average salesperson. However, the

testimony in the Declaration provided by the Resident Defendant as to the duties

performed by Lilly sales representatives is inaccurate and directly conflicts with the

actual duties listed in the Pharmaceutical Sales Representative job description provided

by Lilly.[7] (Attached hereto as Exhibit "O"). Lilly specifically states that the primary

goal of a Lilly Sales Representative is to "become the premier sales force in the

pharmaceutical industry." In fact, in addition to stating the functional area of

employment as "Sales" and listing "knowledge of and or experience with sales process"

as a preference for the position, the language in the job description leaves little question

as to the true nature of a Lilly sales representative's job. Moreover, the minimum

requirements for the position state that "Strong Influence/Persuasion/Negotiation skills"

---

[3] Decl. Yolanda McCain ¶ 2 (October 28, 2005).
[4] Decl. Yolanda McCain ¶ 4 (October 28, 2005).
[5] Id.
[6] Decl. Yolanda McCain ¶ 6 (October 28, 2005).
[7] *https://jobs.lilly.com/index.cfm?id=external&area=portal&function=Sales%20-%20Lilly*

are required in order for a candidate to be considered for the job. Further, included in the

job description are the following duties:

> "Professionally promote Lilly's products to healthcare professionals."
> "Achieve sales growth in territory."
> "Conduct analyses on product & market trends."
> "Develop & execute territory business plans."
> "Coordinate efforts with territory partners in a team environment."

Resident Defendant attempts to escape any liability flowing from being a "seller"

of the product by alleging that she is not a "seller" as contemplated under Alabama

Extended Manufacturer Liability Doctrine (AEMLD). (Notice of Removal ¶ 23).

Resident Defendant's title is "sales representative." Sales representatives call on

physicians on behalf of Lilly to promote, persuade, and/or convince them to prescribe

Lilly's drugs. Inherent to this process are specific pecuniary interests involving the sales

representative and the company for which they work (i.e., sales, salaries, performance

bonuses that are usually largely based on the volume of prescriptions written by

physicians, corporate profits, etc.). Of course physicians do not personally buy drugs

from sales representatives and then turn around and sell them to their patients. But by

prescribing Lilly's drugs, the sale of the drugs is affected because the pharmacy then

supplies those to whom the physician has written prescriptions. Therefore, there can be

no question that Lilly sales representatives are in fact "selling" these products.

There is also an attempt to escape "seller" liability by saying that "[m]y

responsibilities as a sale (sic) representative are to provide approved information to

physicians about certain prescription medicines sold by Lilly." (Decl. Yolanda McCain ¶

6). This is known as detailing. However, if a sales representative (1) knowingly provides

information to a physician about a certain pharmaceutical product, (2) their primary

objective is to promote, market, and/or convince that physician to prescribe their drug and not the drug of their competitors, and (3) there are specific pecuniary interests involving the sales representative and the company for which they work (i.e., sales, salaries, performance bonuses, corporate profits, etc.), there can be no question that they are "selling" the products that they represent, especially considering their job title is that of "sales representative." Therefore, a pharmaceutical drug company's sales representative "promotes," "markets," and "sells" their company's drugs by taking primary responsibility for calling on physicians to prescribe the company's drugs and they should be considered a "seller" with regards to the AEMLD, Alabama common law, and Alabama statutory law. Because these sales representatives retain their liability for their actions under the AEMLD, Alabama common law, and Alabama statutory law, Plaintiff maintains valid state court causes of action and therefore the Resident Defendants have not been fraudulently joined. The presence of valid and actionable claims refutes any claim of fraudulent joinder. Therefore, removal was improper and this action should be remanded to the Circuit Court of Bullock County, Alabama.

**C.    Lilly sales representatives are "sellers" in this case.**

The Lilly Resident Defendant is a "seller" in this case and determination of her liability to the Plaintiff for their actions is as important as the liability of Lilly. Black's Law Dictionary defines 'seller' as "[a] person who sells or contracts to sell goods." *Black's Law Dictionary (8th ed. 2004)*. *Black's* then defines 'sell' as "[t]o transfer (property) by sale." And *Black's* defines 'sale' as "[t]he agreement by which such a transfer takes place." Lilly's sales representatives arguably have a substantial positive pecuniary effect on the transfer of Lilly's drugs in the economic chain. Lilly sales

22

representatives therefore "sell" Lilly's drugs by convincing physicians to prescribe their drugs instead of their competitors.

The term 'sell' generally has broader meaning than the limited definition in *Black's*. To 'sell' can also mean "[t]o offer for sale, as for one's business or livelihood," "[t]o bring about or encourage sales of; promote," "[t]o cause to be accepted; advocate successfully," or "[t]o persuade (another) to recognize the worth or desirability of something." *citing The American Heritage Dictionary of the English Language, (Fourth Edition, Houghton Mifflin Company 2000).* Applying these common definitions of 'sell' further proves that the Resident Defendant sales representative was a "seller" of the drug that ultimately injured Plaintiff. The Resident Defendant's position is a full-time position that constituted Defendant's business or livelihood. Her job description states that it is her job to promote and to bring about or encourage sales of Lilly's drugs to increase market share. Arguably the Lilly Resident Defendant's objectives was to "bring about or encourage sales of," "promote," and "advocate successfully" for Lilly, to "cause" Lilly's drugs "to be accepted," and to "persuade" physicians "to recognize the worth or desirability" of Lilly's drugs as opposed to those of their competitors. By engaging physicians and encouraging prescription of Lilly's drugs and the resulting sales and market share, and by making these goals their business and livelihood, these sales representatives are in fact Lilly's salesmen and saleswomen and it must logically follow that for any determination of legal liability in a product liability action, the Resident Defendant is a "seller" on behalf of Lilly.

The Resident Defendant's Declaration does not establish that she had no involvement with the facts at issue, only that she has the skills to play a game of

semantics with this Court. The Resident Defendant argues in her Declaration that she does not "sell" Lilly's drugs but only that she work for a company that sells drugs. This is mere word play intended to support an inappropriate fraudulent joinder claim in an attempt to escape liability for her actions. This sales representative was not an innocent bystander removed from the chain of responsibility for the injury caused by Lilly's drugs. She cannot be considered anything but a "seller" in this case and determination of her liability to the Plaintiff for her actions is just as important as a determination of the liability of Lilly. The Resident Defendant was not fraudulently joined. Therefore removal was improper and this action should be remanded to the Circuit Court of Bullock County, Alabama.

## V. Conclusion

As suggested above, the Court's only question in this proceeding is whether there is any possibility that Plaintiff has stated a claim against the Resident Defendant under Alabama law. Obviously, that question must be answered in the affirmative. Viewing evidence and factual disputes in Plaintiff's favor and resolving doubts in favor of remand, Plaintiff has stated valid claims against the Resident Defendant. Consequently, the Court must remand this entire action to the Circuit Court of Bullock County, Alabama, where the action was commenced and where jurisdiction is clearly appropriate.

Respectfully submitted this _2_ day of _November_, 2005.

Jere L. Beasley (BEA020)
Andy D. Birchfield, Jr. (BIR006)
E. Frank Woodson (WOO034)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the _____ day of _____, 2005.

James C. Barton
Alan D. Mathis
JOHNSTON, BARTON, PROCTOR,
& POWELL, L.L.P.
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

Of Counsel



IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
FILED
APR 9 2002
CLERK
U. S. DISTRICT COURT
MIDDLE DIST OF ALA.
```

TRAVIS WALKER, et al.,                     )
      Plaintiffs,                          )
           v.                                )   CIVIL ACTION NO. 02-T-230-N
WARNER-LAMBERT COMPANY, et al.,            )
      Defendants.                          )

### ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. The court agrees with plaintiffs that there has been neither fraudulent joinder, see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); see also Stephens v. Warner-Lambert Co., 01-T-266-N (M.D. Ala. May 1, 2001) (remanding on similar facts); Roughton v. Warner-Lambert Co., 00-T-1239-N (M.D. Ala. Oct. 20, 2000) (same).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on March 4, 2002 (Doc. No. 10), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

14

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 9TH day of April, 2002.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION **[FILED]**

JUN 5 2001

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

BESSIE B. CALDWELL,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　)　　CIVIL ACTION NO. 01-T-486-N
　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
WARNER-LAMBERT COMPANY, et al.,　)
　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　)

ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. The court agrees with plaintiff that there has been neither fraudulent joinder, see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); see also Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on May 8, 2001, is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Bullock County, Alabama.

It is further ORDERED that the motion to stay filed by defendant Warner-Lambert Company on May 31, 2001, is denied.

EOD 6/5/01

It is further ORDERED that all other outstanding motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 5TH day of June, 2001.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED

AUG 2 2001

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

WAYNE ROUGHTON,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )      CIVIL ACTION 01-D-865-N
                                   )
WARNER-LAMBERT CO.                 )
et al.,                            )
                                   )
        Defendants.                )

O R D E R

Before the court is Defendants' Notice Of Removal, which was filed July 13, 2001. Plaintiff filed a Motion To Remand July 30, 2001, which includes a request for attorney's fees and costs. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion is due to be granted.

I.  FACTUAL BACKGROUND

Plaintiff originally filed this case in the Circuit Court of Bullock County, Alabama in September 2000. Plaintiff's Complaint raises only state law claims. Plaintiff named as defendants the Delaware corporation of Warner-Lambert Company, its subsidiary, and its sales representative and territory manager, Kam Wyatt, who is an Alabama citizen.

EOD  9-2-01

Defendants removed this case October 10, 2000, alleging that
Wyatt had been fraudulently joined and, therefore, his
citizenship should be disregarded for purposes of federal
jurisdiction.  See 28 U.S.C. § 1332.  Ten days later, U.S.
District Judge Myron H. Thompson found that Defendants had not
met their burden of showing either fraudulent joinder or
fraudulent misjoinder.  Judge Thompson remanded this case,
pursuant to 28 U.S.C. § 1447(c).

Defendants then deposed Plaintiff several weeks ago.
Plaintiff made some comments which, if read in a light most
charitable to Defendants, suggested but did not conclusively
establish that he had no valid claim against Wyatt.  Based on
this newly-acquired evidence, Defendants again removed this case.
They again argue fraudulent joinder.  The court again remands--
this time, with costs and fees taxed.

## II.  DISCUSSION

The parties cannot obtain judicial review or reconsideration
of a federal court's remand under 28 U.S.C. § 1447(c).  See
Harris v. Blue Cross/Blue Shield, 951 F.2d 325, 330 (11th Cir.
1992).  A party can remove a previously remanded case only in
limited circumstances, none of which are applicable here.  See 28
U.S.C. § 1446(b).  As a general rule, "'the defendant may not

2

circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which simply supplies evidentiary support for the argument that the previous remand order was incorrect.'" <u>Collins v. Fingerhut Co.</u>, 117 F. Supp.2d 1283, 1284-85 (S.D. Ala. 2000) (quoting <u>Nicholson v. National Accounts, Inc.</u>, 106 F. Supp.2d 1269, 1271 (S.D. Ala. 2000)).

Although Defendants are splenetic about litigating in this forum, Plaintiff has his right to choose his forum. Our nation's dual court system operates under the presumption of parity, which this court is not free to question. Federal courts are tribunals of limited jurisdiction; Congress has plainly dictated that state law claims involving non-diverse defendants do not belong here.

Defendants do not argue that Plaintiff's counsel has acted in bad faith. Instead, like the defendants in <u>Collins</u> and <u>Nicholson</u>, all that they proffer is additional evidence supporting an identical argument rejected by Judge Thompson almost nine months ago. As a result, Plaintiff has been whipsawed between federal court and state court twice. This matter has been needlessly delayed, and none of the parties are any closer to a resolution of this civil action on its merits. Without expressing any opinion on the merits of Plaintiff's claim against Wyatt, the case will be remanded. <u>See</u> <u>Collins</u>, <u>supra</u>; <u>Nicholson</u>, <u>supra</u>.

3

The court also awards Plaintiff all "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may award fees and costs whenever it remands an improvidently removed case, for the removing party's improper actions, by their very nature, have frustrated judicial economy, upset important principles of federalism, and wrought needless litigation costs upon the other party. See Gardner v. Allstate Indem. Co., -- F. Supp.2d --, 2001 WL 705715 (M.D. Ala. 2001); Gray v. New York Life Ins. Co., 906 F. Supp. 628, 637 (N.D. Ala. 1995).

As recently noted in Gardner, this court in its discretion has typically declined to enter such a judgment in fraudulent joinder cases unless the removing party actions were unreasonable or federal jurisdiction was patently lacking at the time of removal. See Judson v. Nissan Motor Co., 52 F. Supp.2d 1352, 1363 (M.D. Ala. 1999) (DeMent, J.); Bromberg v. Metropolitan Life Ins. Co., 50 F. Supp.2d 1208, 1214 (M.D. Ala. 1999) (DeMent, J.); Whitlock v. Jackson Nat'l Life Ins. Co., 32 F. Supp.2d 1286, 1293 (M.D. Ala. 1998) (DeMent, J.); Grace v. Interstate Life & Acc. Ins. Co., 916 F. Supp. 1185, 1191-92 (M.D. Ala. 1996) (DeMent, J.); Bedford v. Connecticut Mut. Life Ins. Co., 916 F. Supp. 1211, 1216-17 (M.D. Ala. 1996) (DeMent, J.); Howard Griggs Trucking, Inc. v. American Cent. Ins. Co., 894 F. Supp. 1503,

4

1510 (M.D. Ala. 1995) (DeMent, J.)  This is because issues of
fraudulent joinder often pose questions that are far from simple
to determine.  See Grace, supra at 1192.

In this case, by contrast, the court finds that Defendants'
second removal was unreasonable.  It is universally known that
remand orders are non-reviewable.  Moreover, the court finds that
subject matter jurisdiction has been lacking ab initio, and
patently so ever since the first remand.  The court finds that a
fee award is fair and equitable under the circumstances of this
case.  See Gardner, supra (noting that bad faith by defendant is
not necessary to award fees; ordering payment of $31,000).


### III.  ORDER

It is hereby CONSIDERED and ORDERED that this case be and
the same is hereby REMANDED to the Circuit Court of Bullock
County, pursuant to 28 U.S.C. § 1447(c).

It is further ORDERED that any just costs and any actual
expenses, including attorney's fees, associated with this removal
be and the same are hereby TAXED to Defendants, for which let

execution issue.  For administrative purposes, the Clerk of Court

is DIRECTED to close this case.[1]  See id.

DONE this 2nd of August, 2001.

IRA DE MENT

UNITED STATES DISTRICT JUDGE

---

[1] The court retains jurisdiction only for the limited
purpose of determining costs if the parties cannot reach
agreement.  See Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616,
617 (11th Cir. 1990).

6

EXHIBIT

# D

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

APR 19 2002

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

LETISHIA BENNETT, as personal )
representative of the Estate of )
Mary L. Bennett, deceased, and )
Clifford Darrington, )
)
    Plaintiffs, )
)
    v. )
)
WARNER-LAMBERT COMPANY, et al., )
)
    Defendants. )

CIVIL ACTION NO. 02-T-343-N

## ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. The court agrees with plaintiffs that there has been neither fraudulent joinder, see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); see also Walker v. Warner-Lambert Co., 02-T-230-N (M.D. Ala. April 9, 2002) (remanding on similar facts); Stephens v. Warner-Lambert Co., 01-T-266-N (M.D. Ala. May 1, 2001) (same); Roughton v. Warner-Lambert Co., 00-T-1239-N (M.D. Ala. Oct. 20, 2000) (same).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on March 21, 2002 (Doc. No. 12), is granted and that, pursuant to 28 U.S.C.A. §

EOD

4/19/02

1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to ~~effect the remand.~~

DONE, this the 19TH day of April, 2002.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



EXHIBIT
E

[ FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE AUG 2 1 2002

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION    CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

STELLA JOHNSON and            )
FAYE SISTRUNK,                )
                              )
        Plaintiffs,           )
                              )
    v.                        )    CIVIL ACTION NO. 02-T-830-N
                              )
WARNER-LAMBERT COMPANY, et al., )
                              )
        Defendants.           )

ORDER

This lawsuit, which was removed from state to federal court

based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332,

1441, is now before the court on plaintiffs' motion to remand.  The

court agrees with plaintiffs that this case should be remanded to

state court.  The court agrees with plaintiffs that there has been

neither fraudulent joinder, see Coker v. Amoco Oil Co., 709 F.2d

1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883

F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, see

Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir.

1996); see also Stephens v. Warner-Lambert Co., 01-T-266-N (M.D.

Ala. May 1, 2001) (remanding on similar facts); Roughton v. Warner-

Lambert Co., 00-T-1239-N (M.D. Ala. Oct. 20, 2000) (same).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the

court that plaintiffs' motion to remand, filed on August 2, 2002

EOD    8/21/02

(Doc. No. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama.

It is further ORDERED that all other motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21st day of August, 2002.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

EXHIBIT

F

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION F I L E D

AUG 2 1 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

DEBBIE OSBOURNE and )
ETHYL WEBSTER, )
           )
     Plaintiffs, )
           )
     v.      )     CIVIL ACTION NO. 02-T-828-N
           )
WARNER-LAMBERT COMPANY; et al., )
           )
     Defendants. )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. The court agrees with plaintiffs that there has been neither <u>fraudulent joinder</u>, <u>see</u> <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989), nor <u>fraudulent misjoinder</u>, <u>see</u> <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996); <u>see also</u> <u>Stephens v. Warner-Lambert Co.</u>, 01-T-266-N (M.D. Ala. May 1, 2001) (remanding on similar facts); <u>Roughton v. Warner-Lambert Co.</u>, 00-T-1239-N (M.D. Ala. Oct. 20, 2000) (same).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on August 2, 2002 (Doc. No. 6), is granted and that, pursuant to 28 U.S.C.A. §

EOD 8-21-02

1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

It is further ORDERED that all other pending motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21ST day of August, 2002.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

EXHIBIT

G

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

AUG 28 2002

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

SARA RUSH and              )
LULA POWELL,               )
                           )
        Plaintiffs,        )
                           )
    v.                     )      CIVIL ACTION NO. 02-T-829-N
                           )
WARNER-LAMBERT COMPANY, et al., )
                           )
        Defendants.        )

ORDER

This lawsuit, which was removed from state to federal court
based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332,
1441, is now before the court on plaintiffs' motion to remand. The
court agrees with plaintiffs that this case should be remanded to
state court. The court agrees with plaintiffs that there has been
neither fraudulent joinder, see Coker v. Amoco Oil Co., 709 F.2d
1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883
F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, see
Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir.
1996); see also Stephens v. Warner-Lambert Co., 01-T-266-N (M.D.
Ala. May 1, 2001) (remanding on similar facts); Roughton v. Warner-
Lambert Co., 00-T-1239-N (M.D. Ala. Oct. 20, 2000) (same).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the
court that plaintiffs' motion to remand, filed on August 2, 2002
(Doc. No. 7), is granted and that, pursuant to 28 U.S.C.A. §

EOD 8/28/02

1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

All other motions are left for resolution by the state

The clerk of the court is ~~DIRECTED~~ to take appropriate steps to effect the remand.

DONE, this the 28TH day of August, 2002.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

EXHIBIT

H

FILED

FEB - 2 2004

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| HELEN BOSWELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 03-T-1256-N |
| WYETH, a corporation, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand. The court agrees with
plaintiffs that this case should be remanded to state
court. First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiffs have colorable
claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v.
Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).
Second, there has not been fraudulent misjoinder of any

EOD 2/2/04

resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 2, 2004 (doc. no. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Crenshaw County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 2nd day of February, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION FILED

JAN 2 3 2004

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

VALERIE BALLARD, et al.,          )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )    CIVIL ACTION NO. 03-T-1258-N
                                  )
WYETH, et al.,                    )
                                  )
        Defendants.               )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

E'OD 1/23/04

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 6, 2004 (Doc. No. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 2nd day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

EXHIBIT
J

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION JAN 2 8 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RITA BRUNSON,        )
        Plaintiff,   )
   v.                )   CIVIL ACTION NO. 03-T-1167-S
WYETH, et al.,       )
        Defendants.  )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiff has colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD 1/23/04

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on December 16, 2003 (Doc. No. 11), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Geneva County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 23ʳᵈ day of January, 2004.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

FILED

JAN 2 3 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

SARA BLAIR, et al.,          )
        Plaintiffs,          )
                             )
    v.                       )    CIVIL ACTION NO. 03-T-1251-S
                             )
WYETH, et al.,               )
        Defendants.          )

ORDER

This lawsuit, which was removed from state to federal court
based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§
1332, 1441, is now before the court on plaintiffs' motion to
remand. The court agrees with plaintiffs that this case should be
remanded to state court. First, there has not been <u>fraudulent
joinder</u> of any resident defendant (that is, plaintiffs have
colorable claims against such a defendant), <u>see Coker v. Amoco Oil
Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard
Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been <u>fraudulent misjoinder</u> of any
resident defendant (that is, plaintiffs have reasonably joined such
a defendant with other defendants pursuant to Rule 20 of the
Federal Rules of Civil Procedure), <u>see Tapscott v. MS Dealer
Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD January 23, 2004

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on December 30, 2003 (Doc. No 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 2nd day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NOV 21 2003

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

SHARON C. CRITTENDEN,
et al.,

    Plaintiffs,

    v.

WYETH, a corporation,
et al.,

    Defendants.

CIVIL ACTION NO.
03-T-920-N

## ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been _fraudulent joinder_ of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), _see_ Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

EOD    11/21/03

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 2) of the Federal Rules of Civil Procedure). See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motions to remand, filed on September 30 and October 15, 2003 (doc. nos. 9, 13, and 14), are granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21st day of November, 2003.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EARL LEE FAULK, as Administrator of    )
the Estate of MARCUS EARL FAULK,    )
deceased,    )
    )
    PLAINTIFF,    )    (WO)
    )
v.    )    CASE NO. 2:05-cv-85-F
    )
SMITHKLINE BEECHAM CORP., et al.,    )
    )
    DEFENDANTS.    )

```
┌─────────────────────┐
│      EXHIBIT        │
│  ᴛᴀʙʙɪᴇˢ            │
│      M              │
│                     │
└─────────────────────┘
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand (Doc. # 15) filed by Plaintiff

on February 28, 2005. This lawsuit was originally filed in the Circuit Court of Barbour

County, Alabama. Arguing that Plaintiff had fraudulently joined Defendants Rick Letner,

(hereinafter "Letner"), Cynthia S. Robinson (hereinafter "Robinson"), and Leo M. Bullock

IV (hereinafter "Bullock"), Defendants removed the action from state to federal court.

Plaintiff seeks remand of this action contending that Letner, Robinson and Bullock were not

fraudulently joined. For the reasons set forth in this Memorandum Opinion and Order, the

Court finds that the Motion to Remand is due to be GRANTED because Letner, Robinson

and Bullock were not fraudulently joined.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095

(11th Cir.1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th

Cir. 1983) As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen,* 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that this court has subject matter jurisdiction over an action *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Defendants argue that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship. The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 292 F.3d 1334, 1337 (11th Cir. 2002).

From the Complaint it appears that there is not complete diversity of citizenship in this case because Letner, Robinson, Bullock, and Plaintiff are all residents of Alabama. Defendants argue that, due to the fraudulent joinder, the Court should disregard the

2

citizenship of Letner, Robinson, and Bullock for purposes of diversity jurisdiction and conclude that complete diversity between the parties exists. *See, e.g., Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) (("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). Thus, in order to determine whether complete diversity exists in this case, the Court must address the issue of fraudulent joinder.

As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[1] ... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts ... [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

---

[1] "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 911th Cir. 1998) (emphasis in original).

3

*Triggs*, 154 F.3d at 1287. A removing defendant bears the burden of proving fraudulent

joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

This burden on the defendant is a heavy one. It requires the court to evaluate the parties'

factual allegations in the light most favorable to the plaintiff and resolve all uncertainties

about state substantive law in favor of the plaintiff. *See id.* If there is a possibility that a

state court would find that the complaint states a cause of action against any one of the

resident defendants, the federal court must find that the joinder is proper and remand the case

to the state court. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[2] In

other words, a motion to remand should be denied only if the court is convinced that there

is "no possibility that the plaintiff can establish *any* cause of action against the resident

defendant." *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,1561 (11th Cir. 1989).

The Court has carefully reviewed the claims against the resident defendants and the

arguments of the parties, and it must conclude that in this case there is a possibility that the

Plaintiff can establish at least one of his causes of action against at least one of the resident

defendants. Accordingly, this Court must find that the joinder is proper and remand the case

---

[2] It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'. . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

to the Circuit Court of Barbour County, Alabama.

It is hereby ORDERED as follows:

(1)    Plaintiff's Motion to Remand (Doc. # 15) is GRANTED.

(2)    This case is REMANDED to the Circuit Court of Barbour County, Alabama.

(3)    The Clerk is DIRECTED to take appropriate steps to effect the remand.

(4)    Any pending motions are left for resolution by the Circuit Court of Barbour
       County, Alabama

DONE this the 7th day of September, 2005.


                              _____/s/ Mark E. Fuller_____
                              CHIEF UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

ROSIE WARE,                        )
                                   )
       Plaintiff,                  )
                                   )        CIVIL ACTION NO.
       v.                          )          2:05cv659-T
                                   )            (WO)
PFIZER, INC., a Delaware           )
corporation, et al.,               )
                                   )
       Defendants.                 )

EXHIBIT

*N*

## ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiff's motion to remand.   The court agrees with
plaintiff that this case should be remanded to state court.
The court agrees with plaintiff that there has been neither
fraudulent joinder, Coker v. Amoco Oil Co., 709 F.2d 1433,
1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883
F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder,

<u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360

(11th Cir. 1996).

    Accordingly, it is the ORDER, JUDGMENT, and DECREE of

the court that plaintiff's motion to remand (Doc. no. 5) is

granted and that, pursuant to 28 U.S.C.A. § 1447(c), this

cause is remanded to the Circuit Court of Barbour County,

Alabama.

    The clerk of the court is DIRECTED to take appropriate

steps  to effect the remand.

    DONE, this the 26th day of August, 2005.


                 ____<u>/s/ Myron H. Thompson</u>____
                 UNITED STATES DISTRICT JUDGE



## Position Description

Search Tips    Refine Search    Save this Search    New Search

If you would like to apply to be considered for this position, please click on the Apply button

| | |
|---|---|
| Position Title: | Pharmaceutical Sales Representative Primary Care ***AL.GA.MS,TN.OK,AR,LA*** |
| Location: | Indianapolis, IN |
| Posted Date: | 1/26/2005 |
| Job ID: | 5420 |
| Functional Area: | Sales - Lilly |
| Expertise: | Sales-Pharmaceutical |
| Education Required: | Bachelors |
| Years of Experience: | Not Indicated |
| Description: | |

Position Title: US Pharma Sales - Primary Care

Technical Position: .

Purpose: Our goal is to become the premier sales force in the pharmaceutical industry. We are looking for diverse and dynamic professionals who want to be a part of a winning team and to make a difference in people's lives.

Location: Positions located throughout GA. AL, MS, TN. OK, AR, LA

Position Responsibilities:
1 Professionally promote Lilly's products to healthcare professionals
2 Achieve sales growth in territory
3 Conduct analyses on product & market trends
4 Develop & execute territory business plans
5 Coordinate efforts with territory partners in a team environment.

Minimum Requirements: Bachelor's degree,
1 Strong Business Acumen
2 Excellent Communication/Interpersonal skills
3 Proven Leadership Ability
4 Demonstrated ability to learn & apply technical/scientific knowledge
5 Strong Influence/Persuasion/Negotiation skills
6 Consideration for this position requires an acceptable driving record
7 Successful completion of the Pre-Sales Survey

Additional Preferences:
* Candidates should be open to relocation
* Flexible to learning new products and disease states over time
* Knowledge of and or experience with sales process
* Degrees in pharmacy or business
* Additional education (MBA/Masters) is a plus
* Highly motivated
* Competitive

Personal Considerations: .

Leading Candidate: No

Other Information: Some overnight travel may be required

Search Tips    Refine Search    Save this Search    New Search