IN THE CIRCUIT COURT FOR
SUMTER COUNTY, ALABAMA

| | |
|---|---|
| JIMMY C. ACTON, | CIVIL ACTION NUMBER: |
| Plaintiff, | CV-96-_98_ |
| vs. | |
| R. J. REYNOLDS TOBACCO COMPANY; R. J. R. NABISCO, INC.; BROWN & WILLIAMSON TOBACCO CORPORATION; MCBRIDE OIL COMPANY, INC.; W. L. PETRY WHOLESALE COMPANY, INC.; KRUPP OIL COMPANY, INC.; FICTITIOUS DEFENDANTS "A", "B", "C", "D", "E", and "F" those persons, corporations, or other entities whose negligence or wrongful conduct contributed to cause the death of the decedent, whose true and correct names are unknown to Plaintiff at this time, but which will be substituted by amendment when ascertained, | FILED<br>SEP 23 1996<br>ODESSA B. MACK<br>CIRCUIT CLERK<br>SUMTER COUNTY, AL |
| Defendants. | |

## COMPLAINT

### Statement of the Parties

1. Plaintiff is over the age of nineteen (19) years and a resident of Sumter County, Alabama.

2. Defendant R. J. Reynolds Tobacco Company (hereinafter referred to as "RJR") is a foreign corporation with its principal place of business located in the

State of New Jersey. Said Defendant does business by agent in Sumter County, Alabama.

3. Defendant R. J. R. Nabisco, Inc. (hereinafter referred to as "Nabisco"), is the parent company of RJR. This Defendant is a New Jersey Corporation whose principal place of business is 1301 Avenue of the Americas, New York, New York 10015.

4. Defendant Brown & Williamson Tobacco Corporation (hereinafter referred to as "Brown & Williamson") is a Delaware corporation whose principal place of business is located at 1500 Brown & Williamson Tower, Louisville, Kentucky 40202. Brown & Williamson Tobacco Corporation is a wholly-owned subsidiary of BATUS Tobacco Services, Inc., which in turn is a wholly-owned subsidiary of BATUS Holdings, Inc.

5. Defendant McBride Oil Company, Inc. (hereinafter referred to as "McBride") is an Alabama corporation, qualified to conduct business within the state, and doing business by agent in Sumter County, Alabama.

6. Defendant W. L. Petry Wholesale Petry, Inc. (hereinafter referred to as "Petry") is an Alabama corporation, qualified to conduct business within the state, and doing business by agent in Sumter County, Alabama.

7. Defendant Krupp Oil Company, Inc. (hereinafter referred to as "Krupp") is an Alabama corporation, qualified to conduct business within the state, and doing business by agent in Sumter County, Alabama.

## Statement of the Facts

8. Plaintiff and Buren Acton have lived together as husband and wife for over 40 years.

9. Mrs. Acton started smoking Camel cigarettes approximately 36 years ago. She has smoked a number of other brands over the years with her primary brands being Camels, Kools, and Salems. She has been a multi-pack per day smoker.

10. Mrs. Acton became addicted to the nicotine in the cigarettes at a very early age, was unaware that she was becoming addicted to the nicotine in the cigarettes, and was never able to overcome her addiction.

11. Mrs. Acton has smoked these cigarettes for 36 years and continuously smoked in their home in the presence of Plaintiff for all of this time.

12. Neither Plaintiff nor his wife knew that Plaintiff could get lung cancer from passive or second-hand smoke.

13. Plaintiff has never smoked cigarettes.

14. Plaintiff's lung cancer was caused by his breathing second-hand smoke from his wife's cigarettes over the years.

15. In 1995, Plaintiff was diagnosed with lung cancer.

16. Plaintiff has had numerous surgeries and treatments for his cancer which is now terminal.

17. For many years, RJR and Brown & Williamson ("the Manufacturer Defendants") designed, tested, manufactured, distributed, and sold their respective cigarette brands, including those cigarettes (Camels, Salems, and

Kools) ultimately purchased by Mrs. Acton and smoked by her in the presence of Plaintiff.

18. Petry sold the cigarette products to one or more of the retailers from whom Mrs. Acton purchased cigarettes.

19. McBride sold cigarettes at retail to consumers, including Mrs. Acton.

20. Mrs. Acton purchased the cigarettes she smoked primarily at stores operated by Krupp and McBride.

21. On numerous occasions, Mrs. Acton attempted to stop smoking the Manufacturer Defendants' cigarettes but was unable to do so.

22. Plaintiff has suffered tremendous physical pain as a result of the lung cancer and has suffered tremendous mental pain and anguish and emotional distress as a result of his predicament and continues to do so.

23. At all times material hereto, Defendants knew that the nicotine in their cigarettes was addictive and knew that minor children and adults were smoking the cigarettes without knowledge of the addictive nature.

24. It was the intent of Defendants to cause minor children and teenagers to become addicted at an early age:

25. Defendants knew from research and studies that once addicted, it was almost impossible for smokers to stop smoking.

26. Defendants knew that passive or second-hand smoke from cigarettes caused lung cancer in non-smokers.

27. At the time Mrs. Acton became addicted, Defendants knew that lung cancer was caused by smoking cigarettes.

28. The cigarettes sold to Mrs. Acton were unreasonably dangerous, hazardous, and thereby defective, which was known to Defendants.

29. Defendants knew that persons purchasing the cigarettes would smoke in the presence of others including family members.

30. The conduct by Defendants, with knowledge of the dangerous and defective nature of their cigarettes, was outrageous and totally unacceptable by any standard.

31. The Manufacturer Defendants designed their cigarettes with knowledge that they were defective, hazardous, and dangerous to smokers.

32. Defendants knew, or reasonably should have known, because of their knowledge, testing, and information, that the cigarettes sold would cause injury to persons in Alabama and death to a large percentage of smokers.

33. The Manufacturer Defendants knew in the early stages that ninety percent of all smokers born in 1935 started smoking prior to age 21 with a large percentage smoking before they reached 18 years of age.

34. The Manufacturer Defendants have known for many years, as far back as the 1930's, of the lethal dangers of smoking their cigarette products.

35. Defendants have known for years that smoking is the leading cause of lung cancer and that at least 50,000 persons per year are killed as a result of passive or second-hand smoke.

36. The Manufacturer Defendants could have designed and manufactured a safer cigarette product, but in spite of their knowledge of the dangerous and hazardous nature of their cigarettes, refused to do so.

## COUNT ONE

37. Plaintiff realleges paragraphs 1 through 36 of the complaint as if set out here in full.

38. This action is based solely on the AEMLD.

39. As a proximate consequence of the wrongful conduct of Defendants, as alleged herein, Plaintiff was injured and damaged as follows: he was afflicted with lung cancer, he was hospitalized and was required to undergo a tremendous amount of medical treatment; he has to receive daily treatments at present; he incurred tremendous medical expenses and will do so in the future; he suffered mental pain and anguish; he suffered severe emotional distress and will do so in the future; he is permanently and totally disabled and impaired; he lost income and will do so in the future; and he was otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in such amount of compensatory damages as a jury may award; a separate amount of punitive damages; and his costs of this action.

JERE L. BEASLEY (BEA020)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, WILSON, ALLEN,
MAIN & CROW, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 687-6672

PRUITT, PRUITT & WATKINS, P.A.
105 Washington Street
P. O. Box 1037
Livingston, Alabama 35470
(205) 652-9627

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL

DEC-05-2002 12:04                                                                     P.09

# IN THE CIRCUIT COURT FOR
# SUMTER COUNTY, ALABAMA

| | | |
|---|---|---|
| JIMMY C. ACTON, | * | CIVIL ACTION NUMBER: |
| Plaintiff, | * | |
| | * | CV-96- 9*9* |
| vs. | * | |
| | * | |
| R. J. REYNOLDS TOBACCO | * | |
| COMPANY; et al., | * | |
| | * | |
| Defendants. | * | |



FILED

2 3 1996

ODESSA B. MACK
CIRCUIT CLERK
SUMTER COUNTY, AL

## AMENDMENT TO COMPLAINT

Plaintiff hereby amends his Complaint as follows:

1. By adding the following persons as Defendants:

   a. James W. Best, a resident citizen of the state of North Carolina, who has served in positions with RJR that required him to be knowledgeable relating to the manufacturing and marketing of cigarettes, and who had the responsibility of dealing with wholesale and retail sellers of cigarettes.

   b. James Franklin Tate, Jr., a resident citizen of the state of Alabama, who has served in positions with RJR that required him to be knowledgeable relating to the manufacturing and marketing of cigarettes, and who had the responsibility of dealing with wholesale and retail sellers of cigarettes.

   c. Robert L. Huffman, a resident citizen of the state of Alabama, who has served in positions with RJR that required him to be knowledgeable relating to the

manufacturing and marketing of cigarettes, and who had the responsibility of dealing with wholesale and retail sellers of cigarettes.

    d.    Michael McDermott, Sr., a resident citizen of the state of Alabama, who has served in positions with RJR that required him to be knowledgeable relating to the manufacturing and marketing of cigarettes, and who had the responsibility of dealing with wholesale and retail sellers of cigarettes.

    e.    Dennis Hightower, a resident citizen of the state of Alabama, who has served in positions with RJR that required him to be knowledgeable relating to the manufacturing and marketing of cigarettes, and who had the responsibility of dealing with wholesale and retail sellers of cigarettes.

    f.    Dwight Hinson, a resident citizen of the state of Alabama, who has served in positions with RJR that required him to be knowledgeable relating to the manufacturing and marketing of cigarettes, and who had the responsibility of dealing with wholesale and retail sellers of cigarettes.

    2.    By adding the following paragraphs to Count One of the Complaint and by adding Count Two:

    39.    Defendants Best, Tate, Huffman, McDermott, Hinson, and Hightower knew, or reasonably should have known that the cigarettes designed, manufactured, and sold by RJR were unreasonably dangerous as alleged herein.

    40.    Defendants Best, Tate, Huffman, McDermott, Hinson, and Hightower knew that persons smoking RJR cigarettes were likely to contract lung cancer and other diseases and would likely die as a result.

41. Defendants Best, Tate, Huffman, McDermott, Hinson, and Hightower had significantly greater knowledge of the composition of the cigarettes and the dangers and hazards than did the consuming public.

## COUNT TWO

42. Plaintiff realleges all prior paragraphs in the original Complaint and the Amended Complaint as if set out here in full.

43. Defendants wantonly designed, manufactured, and/or marketed or sold cigarettes that were unreasonably dangerous to consumers, including Plaintiff's wife.

44. As a proximate consequence of Defendants' wantonness, Plaintiff was injured and damaged as alleged in the original Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages as a jury deems reasonable; a separate amount of punitive damages, and his costs.

_____
JERE L. BEASLEY (BEA020)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, WILSON, ALLEN,
 MAIN & CROW, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL