# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| CHAIRMAN: | MEMBERS: | | DIRECT REPLY TO: |
|---|---|---|---|
| Judge Wm. Terrell Hodges<br>United States District Court<br>Middle District of Florida | Judge John F. Keenan<br>United States District Court<br>Southern District of New York | Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Michael J. Beck<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal |
| | Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas | Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002 |
| | Judge J. Frederick Motz<br>United States District Court<br>District of Maryland | Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit | Telephone: (202) 502-2800<br>Fax:        (202) 502-2888<br>http://www.jpml.uscourts.gov |

June 24, 2005

TO INVOLVED COUNSEL

Re:  MDL-1596 -- In re Zyprexa Products Liability Litigation

   *Daryl Hood v. Eli Lilly & Co.*, N.D. Ohio, C.A. No. 4:05-1509

Dear Counsel:

       Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter.  This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001).  Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

       Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office BY FACSIMILE, at (202) 502-2888, of any official changes in the status of the tag-along action.  These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court.  Your cooperation would be appreciated.

       NOTICE OF OPPOSITION DUE ON OR BEFORE:  July 11, 2005   (4 p.m. EST)
             (Facsimile transmission is suggested.)

       If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

       A list of involved counsel is attached.

                              Very truly,

                              Michael J. Beck
                              Clerk of the Panel

                              By
                                 Mecca S. Carter
                                 Deputy Clerk

Attachments                                                JPML Form 39

RECEIVED JUN       2005

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 4 2005

FILED
CLERK'S OFFICE

DOCKET NO. 1596

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

*Daryl Hood v. Eli Lilly & Co.*, N.D. Ohio, C.A. No. 4:05-1509

### CONDITIONAL TRANSFER ORDER (CTO-25)

On April 14, 2004, the Panel transferred six civil actions to the United States District Court for the Eastern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 149 additional actions have been transferred to the Eastern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Jack B. Weinstein.

It appears that the action on this conditional transfer order involves questions of fact which are common to the actions previously transferred to the Eastern District of New York and assigned to Judge Weinstein.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of April 14, 2004, 314 F.Supp.2d 1380 (J.P.M.L. 2004), and, with the consent of that court, assigned to the Honorable Jack B. Weinstein.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of New York. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

**RULE 5.2:    SERVICE OF PAPERS FILED**

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

## INVOLVED COUNSEL LIST (CTO-25)
## DOCKET NO. 1596
## IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

Samuel J. Abate, Jr.
McCarter & English, L.L.P.
245 Park Avenue, 27th Floor
New York, NY 10167

Andrew Agati
Squire, Sanders & Dempsey
4900 Key Tower
127 Public Square
Cleveland, OH 44114

Jon Paul Sawyer
Beasley, Allen, Crow, Methvin, Portis & Miles, PC
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Christopher A. Seeger
Seeger Weiss, LLP
One William Street
10th Floor
New York, NY 10004-2502