IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SANQUIRNETTA McCRAY-MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:05-cv-01048-MHT |
| ) | |
| ELI LILLY AND COMPANY, ET AL., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER TO STAY THIS CASE PENDING TRANSFER TO THE ZYPREXA MDL AND TO CONSIDER PLAINTIFF'S MOTION TO REMAND**

Plaintiff respectfully requests the Court to reconsider its order dated November 22, 2005 granting Defendants' motion to stay this case pending transfer to the Zyprexa MDL and to consider Plaintiff's Motion to Remand. In support of this request, Plaintiff states as follows:

1. Defendant Eli Lilly and Company argued previously that its Motion to Stay should be granted to promote judicial economy, promote consistency in rulings and prevent prejudice to the parties. Where a MDL has been created that is the appropriate purpose of a stay in a tag along case where federal jurisdiction is present. In this case, federal jurisdiction is not present. Moreover, the benefits of consolidation do not exist in the Zyprexa MDL as a result of a global settlement involving <u>all</u> cases of attorneys on the Plaintiffs' Steering Committee. These plaintiffs' attorneys have a duty and responsibility to conduct the consolidated discovery to bring about the aforementioned benefits of an MDL.

2. The undersigned plaintiff's counsel is <u>not</u> a member of the MDL Plaintiffs' Steering Committee and cannot conduct discovery in the MDL should this case ultimately be transferred there. Further, this case is <u>not</u> a part of the MDL settlement.

3. Although the Plaintiffs' Steering Committee has reviewed documents produced by Eli Lilly, not a single deposition of Eli Lilly corporate representatives regarding the merits of the Zyprexa cases have been taken since the formation of the MDL in April 2004. No discovery has been conducted since June 2005. Four months have passed since the Order was entered staying this case and no discovery has been conducted.

4. This Court has not yet considered the merits of the Plaintiff's Motion to Remand. The Plaintiff's complaint names an Alabama resident who is employed by Eli Lilly as a defendant. The citizenship of the parties to this case is not diverse. This Court lacks subject matter jurisdiction. This Court this week remanded two (2) other pharmaceutical cases to state court based upon the fact that an in-state sales representative was a named defendant. These recent rulings are consistent with this Court's long-standing practice to grant remand when a plaintiff states a valid, colorable state law claim against an in-state defendant.

5. Plaintiff has asserted valid fraudulent misrepresentation and suppression claims against the resident sales representative defendant. District Courts in Alabama have addressed on numerous occasions the issue of whether sales representatives are fraudulently joined in relation to claims of fraudulent misrepresentation and fraudulent suppression. The following is a list of cases where the District Court has reviewed similar allegations of fraudulent misrepresentation and suppression to those in this case

and found that plaintiff has alleged valid claims under Alabama law. In each situation, the District Court rejected defendants' argument regarding fraudulent joinder and remanded the case to state court. *Leverett v. Merck & Co.*, **No. 3:06cv128-MHT (N.D. Ala. Mar. 15, 2006) (Thompson, J.)** ("The Court agrees with plaintiff that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiff has colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996"); *Struthers v. Merck & Co.*, **No. 2:06cv127-MHT (N.D. Ala. (March 13, 2006) (Thompson, J.)**; *Floyd v. Wyeth*, No. 03-C-2564-M (N.D. Ala. Oct. 20, 2003) (Clemon, J.); *Crittenden v. Wyeth*, **No. 03-T-920-N (M.D. Ala. Nov. 21, 2003) (Thompson, J.)**; *Terrell v. Wyeth*, No. CV-03-BE-2876-S (N.D. Ala. Dec. 12, 2003) (Bowdre, J.); *Ballard v. Wyeth*, **No. 03-T-1255-N (N.D. Ala. Jan. 23, 2004) (Thompson, J.)**; *Brunson v. Wyeth*, **No. 03-T-1167-S (N.D. Ala. Jan. 23, 2004) (Thompson, J.)**; *Blair v. Wyeth*, **No. 03-T-1251-S (N.D. Ala. Jan. 23, 2004) (Thompson, J.)**; *Storey v. Wyeth*, No. CV-04-BE-27-E (N.D. Ala. Jan. 30, 2004) (Bowdre, J.); *Cash v. Wyeth*, No. 03-RRA-3378-E (N.D. Ala. Feb. 3, 2004) (Armstrong, Mag. J.); *Marshal v. Wyeth*, No. CV-04-TMP-179-S (N.D. Ala. Feb. 18, 2004) (Putnam, Mag. J.); *McGowan v. Wyeth*, No. CV-04-TMP-298-S (N.D. Ala. Feb. 24, 2004) (Putnam, Mag. J.); *Johnson v. Wyeth*, No. CV-04-TMP-224-S (N.D. Ala. Feb. 23, 2004) (Putnam, Mag. J.); *Bradford v. Wyeth*, No. 03-P-3157-5

(N.D. Ala. Feb. 27, 2004) (Proctor, J.); *Smith v. Wyeth*, No. 04-P-226-M (N.D. Ala. Feb. 27, 2004) (Proctor, J.); *Boudreaux v. Wyeth*, No. CV-04-P-227-M (N.D. Ala. Feb. 27, 2004) (Proctor, J.); *Bridges v. Wyeth*, No. 04-AR-0297-J (N.D. Ala. Mar. 2, 2004) (Acker, J.); *Hough v. Wyeth*, No. 04-H-393-S (N.D. Ala. Mar. 5, 2004) (Hancock, J.); **Brogden v. Wyeth, No. 04-T-068-S (M.D. Ala. Mar. 8, 2004) (Thompson, J.);** *Reeder v. Wyeth,* **No. 04-T-066-N (M.D. Ala. Mar. 8, 2004) (Thompson, J.);** *Eaton v. Wyeth*, No. CV-04-P-380-M (N.D. Ala. Mar. 9, 2004) (Proctor, J.); *Allen v. Wyeth*, **No. 04-CV-0238-T (M.D. Ala. Apr. 9, 2004) (Thompson, J.);** *Chestnut v. Wyeth*, **No. 04-CV-0295-T (M.D. Ala. May 3, 2004) (Thompson, J.);** *King v. Wyeth*, **No. 04-CV-0409-T (M.D. Ala. May 24, 2004) (Thompson, J.);** *Culpepper v. Wyeth*, **No. 04-CV-0411-T (M.D. Ala. May 24, 2004) (Thompson, J.);** *Braden v. Wyeth*, **No. 04-CV-0384-T (M.D. Ala. May 24, 2004) (Thompson, J.);** *Cross v. Wyeth*, No. 03-0882-BH-M (S.D. Ala. Mar. 29, 2004) (Hand, J.); **Bennett v. Wyeth, No. 04-CV-0416-T (M.D. Ala. June 2, 2004) (Thompson, J.).**

6. The MDL panel will consider without oral argument, Plaintiff's objection to the transfer of this case on March 30, 2006. Should this Court not remand this case prior to that date, this claim will be sent to the MDL although there is no subject matter jurisdiction. This plaintiff is being prejudiced by the Stay and will be further prejudiced by the transfer of the case to the MDL.

7. In sum, District Courts in Alabama have rightly found remand is due to be granted when Alabama plaintiffs state valid claims of fraudulent misrepresentation and suppression against resident defendants. The Alabama defendant sales representative is not fraudulently joined in this case. Diversity jurisdiction is not present. Federal subject

matter jurisdiction is not present. For these reasons, Plaintiff respectfully urges the Court to lift the stay and grant his Motion to Remand and remand this case in its entirety to the Circuit Court of Bullock County, Alabama.

/s/ Ernest Franklin Woodson, Jr.
Ernest Franklin Woodson, Jr. ASB-0479-N66E
Attorney for Plaintiff

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS and MILES, P.C.
218 Commerce Street  (36104)
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 telephone
(334) 954-7555 fax

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on March 15, 2006, using the CM/ECF system, which will send notification of same filing to the following:

James C. Barton, Jr.
Alan D. Mathis
JOHNSTON BARTON PROCTOR & POWELL, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 458-9400 telephone
Attorneys for Eli Lilly and Company

/s/ Ernest Franklin Woodson, Jr.
OF COUNSEL